O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-cv-04635 ODW CR13-00412 ODW / |
| Plaintiff/ Respondent , | **ORDER DENYING 2255 PETITION** |
| v. | |
| RICARDO REYNOSA-GARCIA, | |
| Defendant/Petitioner. | |

## I.   INTRODUCTION

On September 25, 2013, Petitioner Ricardo Reynoso-Garcia ("Petitioner") was sentenced to serve 46 months in a federal penitentiary following his conviction of 8 USC 1326(a),(b)(2), Being an illegal alien found in the United States following deportation.   The records and files in this case demonstrate conclusively that Petitioner is entitled to no relief, therefore this matter is decided without a hearing and without oral argument.  28 U.S.C. 2255(b); Fed. R. Civ. P. 78; L. R. 7-15.

## II.   FACTUAL BACKGROUND

Petitioner was charged in a single count information with violation of 8USC 1326(a),(b)(2).  He subsequently negotiated a plea with the government agreeing to a sentence at the low end of the range suggested by an offense level of 19 and whatever criminal history the court determines to be applicable to him.   See Plea Agreement, paragraph 12, 13. The agreement was memorialized in a written plea agreement filed

with the court on June 10, 2013. [DE 12] That agreement was accepted by and made binding on the court pursuant to Federal Rules of Criminal Procedure, Rule 11(c)(1)(C).

The modified Presentence Report prepared by U.S. Probation calculated 12 criminal history points allocable to Petitioner, thus placing him in Criminal History category V. The court ultimately determined that three points assigned to a 1994 conviction fell more than 15 years prior to the commencement date of the instant offense and therefore should not be counted. The removal of those three points placed Petitioner in Criminal History category IV with a corresponding guideline range of 46 – 57 months. Pursuant to the terms of the binding plea agreement, the court sentenced Petitioner to 46 months, the low end of that range.

This is the sentence his counsel sought. This is the sentence agreed upon and the sentence recommended by the guidelines for an offense level of 19 and a criminal history of IV. Petitioner has cited no claimed error in the sentence, nor has Petitioner indicated in what way he desires the sentence to be "corrected."

## III.   LEGAL STANDARD

28 U.S.C. 2255 provides in part that a prisoner in federal custody claiming that the sentence he is serving was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

The petitioner has one year from the date of imposition of the sentence to move the sentencing court for correction or vacation of the sentence. The motion is timely. The court may "entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C 2255(c).

///

## IV.    DISCUSSION

Petitioner's justification for seeking relief can be succinctly stated, as he did in his petition: "I have only just learned of Federal Law that would let me apply for Citizenship in the United States of America.  If accepted I would need a sentence Corrected."  Petitioner fails to state, however, what correction is being sought, or what error requires "correction."   One is left to assume that it is the conviction of a felony offense which he feels might be an impediment to his successful application for citizenship.  He has not attacked his conviction and indeed is precluded from doing so except on the sole ground that his plea of guilty to the charge of violating 8 USC 1326(a) was made involuntarily.  See plea agreement, paragraph 18, which provides: "Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty."

## V.    CONCLUSION

Because Petitioner has not advised the court of what relief is being sought nor the legal justification for said relief, the court is in no position to evaluate the merits of the request.  For these reasons the Petition is DENIED.

**IT IS SO ORDERED.**

July 18, 2014

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

3