𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱
ℭ𝔢𝔫𝔱𝔯𝔞𝔩 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔒𝔣 ℭ𝔞𝔩𝔦𝔣𝔬𝔯𝔫𝔦𝔞
𝔚𝔢𝔰𝔱𝔢𝔯𝔫 𝔇𝔦𝔳𝔦𝔰𝔦𝔬𝔫

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff/Respondent,<br>v.<br>RICARDO REYNOSA-GARCIA.<br>   Defendant/Petitioner. | CASE CASE NO. 2:14-CV-04635 ODW<br>CR-13-00412 ODW<br>**ORDER DENYING §2241 PETITION** |

## I. INTRODUCTION

On September 25, 2013, Petitioner Ricardo Reynoso-Garcia ("Petitioner") was sentenced to serve 46 months in a federal penitentiary following his conviction of 8 U.S.C. § 1326(a),(b)(2), being an illegal alien found in the United States following deportation. The records and files in this case demonstrate conclusively that Garcia is entitled to no relief, therefore this matter is decided without a hearing and without oral argument. 28 U.S.C. 2255(b); Fed. R. Civ. P. 78; L. R. 7-15.

1

## II. FACTUAL BACKGROUND

Petitioner was charged in a single count information with violation of 8 U.S.C. § 1326(a),(b)(2). He subsequently negotiated a plea with the government agreeing to a sentence at the low end of the range suggested by an offense level of 19 and whatever criminal history the court determines to be applicable to him. (See Plea Agreement, paragraphs 12, 13; filed with the court on June 10, 2013. [DE 12]) That agreement was accepted by and made binding on the court pursuant to Federal Rules of Criminal Procedure, Rule 11(c)(1)( C). *Id*.

The modified Presentence Report prepared by U.S. Probation calculated 12 criminal history points allocable to Petitioner, thus placing him in Criminal History category V. The court ultimately determined that three points assigned to a 1994 conviction fell more than 15 years prior to the commencement date of the instant offense and therefore should not have been counted. The removal of those three points placed him in Criminal History category IV with a corresponding guideline range of 46 – 57 months. Pursuant to the terms of Paragraph 13 of the binding plea agreement, the court sentenced Petitioner to 46 months, the low end of that range.

This is the sentence his counsel sought. This is the sentence agreed upon and the sentence recommended by the guidelines for an offense level of 19 and a criminal history of IV. Petitioner has cited no claimed error in the sentence, nor has Petitioner indicated why he should not be held bound to the express terms of his plea agreement which expressly provided that "Defendant agrees that, provided the court imposes the sentence specified in paragraph 13 above, defendant gives up the right to appeal any portion of that sentence, with the exception that defendant reserves the right to appeal Defendant's Calculated Criminal History Category, as defined in paragraph 13 above." (Plea Agreement, Paragraph 19, DE -12.) The appellate waiver is binding. *U.S. v. Medina-Carrasco,* 815 F.3d 457, 462

## III. LEGAL STANDARD

28 U.S.C. §2255 provides in part that a prisoner in federal custody claiming that the sentence he is serving was "imposed in violation of the Constitution or laws of the

2

United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Id.

The prisoner has one year from the date of imposition of the sentence to move the sentencing court for correction or vacation of the sentence. 28 U.S.C. § 2255(f). The court may "entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. §2255( c).

28 U.S.C. §2241 provides in part that a prisoner in federal custody purportedly in violation of the constitution or laws or treaties of the United States may seek a writ of habeas corpus under section 2241. As a general rule a defendant's exclusive procedural vehicle for testing the legality of his detention is via a motion under 28 U.S.C.§ 2255. Absent authorization to do so, granted by the Circuit Court, a defendant may not file successive §2255 applications. (See 2255(h).) Petitioner has already filed an earlier 2255 motion on June 17, 2014 [See D.E.-1]. Therefore he is procedurally barred from making this successive application.

There is, however, an exception to the general rule. Under the so-called escape hatch contained in 2255(e), a federal prisoner may proceed by way of a petition under 2241 if, and only if, the remedy under 2255 is "inadequate or ineffective to test the legality of his detention. Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a
> prisoner who is authorized to apply for relief by motion
> pursuant to this section, shall not be entertained if it appears
> that the applicant has failed to apply for relief, by motion,
> to the court which sentenced him, or that such court has
> denied him relief, unless it also appears that the remedy by
> motion is inadequate or ineffective to test the legality of his
> detention.

In order to Petitioner to fold himself within the protections of the escape hatch of §2255(e) he must (1) make a claim of actual innocence; and (2) demonstrate that he has not had an unobstructed procedural shot at presenting that claim. *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

## IV    DISCUSSION

### A.    ACTUAL INNOCENCE

Petitioner argues that his 1984 order of deportation was unlawful. Construing his pleading liberally, he appears to make the assertion that one of his removals was, in his words, "illegal." That being the case, when he was again found in the United States without authorization and was again charged with 8 U.S.C. 1326(a) he feels he would have been cleared and never convicted of being an alien found in the United States following deportation. We note that Petitioner does not claim that he was not an alien or that he was in the country legally, e.g. with the authorization of the Attorney General, or that he was not in fact found within the United States. In otherwords, he does not support his claim of actual innocence of the offense. In addition, he is also critical of his attorney for not having moved to have the indictment dismissed. Fast forward 20 years and Petitioner yet again finds himself charged with unlawfully being in the United States after deportation. He plead guilty to the offense. Now he argues that he shouldn't have plead guilty because he was actually innocent. This isn't evidence of actual innocence. It's more "wuda, cuda, shuda." Twenty years ago he plead guilty to being in the United States unlawfully and agreed to deportation. He says he was not advised that he could have insisted on appearing before an immigration judge, and was never provided with a list of sources to obtain free legal advice, in addition to his appointed attorney. Thus, he feels his 1984 deportation was unlawful. In his words:

4

> I also explained my defense counsel that I was never provided with a list of free legal services to seek legal advice, nor I was - informed that I could proceed before an immigration judge.
>
> My defense counsel ignored me and told me that it was in my best interest to sign a plea agreement with the government. I felt compelled and signed the plea agreement. Had my defense counsel filed a motion to dismiss the indictment based in that my 1984 order of deportation was unlawful, I would never have been convicted of illegal Re-Entry. Therefore, due to the deliberate negligence of my defense counsel I plead guilty of a crime of which I am actual innocent . (See 2241 Petition filed Dec 12, 2014, DE-1 under 2:14-cv-09568).

,

Nullifying the 1984 deportation would have made his 2007 offense merely a violation of 8 U.S.C. 1325(a) Improper Entry by an Alien. The irregularities of which he complains arose following his 1984 deportation. However, that would have no effect on his instant conviction for reentry following deportation in 2007. He does not challenge any aspect of the 2007 deportation, therefore, he is not "innocent" of the instant offense. Even without the 1984 conviction he would have simply reached the same point, but by a different path. Nothing would change the fact that the instant offense is being an illegal alien found in the United States following his 2007 deportation. That is unaffected by the existence or not of the 1984 incident.

There has been an utter failure to demonstrate that "in light of all the evidence, it is more likely than not that no reasonable jury would have convicted him" on the instant offense. *Stevens*, 464 F.3d 898.

### B. HE HAS ALREADY HAD AN UNOBSTRUCTED PROCEDURAL SHOT AT PRESENTING THIS CLAIM.

Clearly Petitioner had the opportunity to raise the issue of his 1984 deportation when he was again deported in 2007, yet he failed to do so. He calls the court's attention to no impediment to his ability to raise the issue in 2007 or again in 2013. To proceed under §2241 he must demonstrate that the legal basis for his

5

claim did not arise until after he had exhausted his direct appeal and his first §2255 motion.   See *Marrero v. Ives*, 682 F.3d 1190, 1192-93 (9th Cir 2012).   The irregularities of which he now complains arose following his 1984 deportation. Thus, he fails both prongs of the "escape hatch" and is not entitled to proceed pursuant to §2241.

### C.   THIS PETITION IS TIME BARRED WERE HE TO PROCEED UNDER §2255

Assuming Petitioner had received certification from the Ninth Circuit to bring a second §2255 motion, which he has not, far more than one year has elapsed since his conviction.  It is therefore time barred.  See §2255(f).

Under the statute, the 1-year time period runs from the latest of:

1.  The date on which the judgment of conviction becomes final;

2.  The date on which the impediment to making a motion is removed;

3.  The date on which the right asserted was initially recognized by the Supreme Court;

4.   The date on which the facts supporting the claim presented could have been discovered.

Clearly more than one year has lapsed since his 1984 conviction. Our attention is called to no impediment which prevented him from seeking relief earlier.  Nor is our attention drawn to any intervening decision by the Supreme Court which created or recognized the right now claimed to have been infringed.  Lastly is the date on which the facts supporting the claim presented were known or could have been discovered.  On this point, we are informed by the initial 2255 motion filed June 17, 2014 in which he states the ground on which he brings the motion is his desire to apply for citizenship.  He states:

> I have only just learned of Federal Law that would let me apply for Citizenship in the United States of America. If accepted I would need a sentence Corrected.   (See 2255 Motion filed June 17, 2014 in case number 2:14-cv-04635, DE-32.)

Putting aside the issue that he does not cite the federal law which would warrant favorable consideration to his citizenship application with his criminal history, which includes a conviction for voluntary manslaughter for which he received a 24 year sentence, it would appear that he was motivated to seek to

6

have his sentence corrected 3-1/2 years ago. But more to the point, the basis for the relief he seeks arose in 1984. That is when Petitioner knew of his injury and the facts causing that injury. The 1-year statute of limitations has long run. (See *Avila v. Willits Environmental Remediation Trust,* 633 F.3d 828, 841-42 (9th Cir 2011.)

### D. WAIVER

As part of his plea agreement, Petitioner expressly waived his right to appeal his conviction on any and all grounds save and except the ground that his guilty plea was involuntary. He makes no claim that his instant conviction was not voluntary and of his free will. Such waivers are and must be enforced. *United States v. Reves*, 774 F.3d 562, 566 (9th Cir. 2014.) The court therefore rejects this claim on this additional ground.

### V. CONCLUSION

Because this challenge is not cognizable under §2241 because Petitioner fails to satisfy the double prongs of §2255(e) this court is without jurisdiction to provide the remedy he seeks. He also fails in his attempt to have this petition entertained under §2255 because it would be an impermissible second such motion without having first secured permission from the Circuit Court. For all the above reasons, the Petition is DENIED.

DATED: February 20, 2018  _____

Otis D. Wright, II
United States District Judge