O

JS-3

# United States District Court
# Central District Of California
# Western Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE CASE NO. 2:14-CV-09568- ODW |
| Plaintiff/Respondent, | CR-13-00412-ODW |
| v. | ORDER DENYING 2241 PETITION |
| RICARDO REYNOSA-GARCIA. | |
| Defendant/Petitioner. | |

## I. INTRODUCTION

This is one more of several claims recently filed by Petitioner Ricardo Reynoso-Garcia ("Petitioner") challenging one of his underlying convictions and removals for being in this country illegally. On September 25, 2013, Petitioner Ricardo Reynoso-Garcia ("Petitioner") was sentenced to serve 46 months in a federal penitentiary following his conviction of 8 U.S.C. § 1326(a),(b)(2), being an illegal alien found in the United States following deportation. The records and files in this case demonstrate

conclusively that Garcia is entitled to no relief, therefore this matter is decided without a hearing and without oral argument. 28 U.S.C. 2255(b); Fed. R. Civ. P. 78; L. R. 7-15.

On June 17, 2014 Petitioner filed his first motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255. (DE-32 in CR-13-00412 ODW). July 18, 2014 that motion was denied. (DE-8, 2:14-cv-04635.) July 3, 2014 Petitioner file another 2255 motion, merely asking to be permitted to apply for U.S. citizenship. His sole justification for making the motion is "Petitioner has learned of federal law that would allow him to apply for citizenship in the United States of America. The Petitioner wishes to apply at this time." (DE-6, 2:14-CV-04635) On December 15, 2014 Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (DE-1; 2:14-CV-09568.) There he raised essentially the same argument previously raised and rejected. On February 20, 2018 the Petition was again denied. (DE-12; 2:14-CV-04635).

Petitioner is merely filing repetitive motions, styled either as 2255 or 2241, essentially seeking the same relief on the basis of the same claimed irregularities. So as to minimize further waste of judicial resources, the court will borrow liberally from its February 20, 2018 order denying his most recent 2255 motion, which the court construed as a 2241 motion because he lacked authorization from the Ninth Circuit to bring another 2255 motion.

## II. FACTUAL BACKGROUND

Petitioner was charged in a single count information with violation of 8 U.S.C. § 1326(a),(b)(2). He subsequently negotiated a plea with the government agreeing to a sentence at the low end of the range suggested by an offense level of 19 and whatever criminal history the court determines to be applicable to him. (See Plea Agreement, paragraphs 12, 13; filed with the court on June 10, 2013. [DE 12]) That agreement was accepted by and made binding on the court pursuant to Federal Rules of Criminal Procedure, Rule 11(c)(1)( C). Id.

The modified Presentence Report prepared by U.S. Probation calculated 12 criminal history points allocable to Petitioner, thus placing him in Criminal History

category V. The court ultimately determined that three points assigned to a 1994 conviction fell more than 15 years prior to the commencement date of the instant offense and therefore should not be counted. The removal of those three points placed him in Criminal History category IV with a corresponding guideline range of 46 – 57 months. Pursuant to the terms of Paragraph 13 of the <u>binding plea agreement</u>, the court sentenced Petitioner to 46 months, the low end of that range.

This is the sentence his counsel sought. This is the sentence agreed upon and the sentence recommended by the guidelines for an offense level of 19 and a criminal history of IV. Petitioner has cited no claimed error in the sentence, nor has Petitioner indicated why he should not be bound to the express terms of his plea agreement which expressly provided that "Defendant agrees that, provided the court imposes the sentence specified in paragraph 13 above, defendant gives up the right to appeal any portion of that sentence, with the exception that defendant reserves the right to appeal Defendant's Calculated Criminal History Category, as defined in paragraph 13 above." (Plea Agreement, Paragraph 19, DE -12.)

### III. LEGAL STANDARD

28 U.S.C. §2255 provides in part that a prisoner in federal custody claiming that the sentence he is serving was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Id.

The prisoner has one year form the date of imposition of the sentence to move the sentencing court for correction or vacation of the sentence. The court may "entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. §2255( c)

28 U.S.C. §2241 provides in part that a prisoner in federal custody purportedly in violation of the constitution or laws or treaties of the United States may seek a writ of habeas corpus under section 2241. As a general rule a defendant's exclusive procedural vehicle for testing the legality of his detention is via a motion under 28 U.S.C.§ 2255. Absent authorization to do so, granted by the Circuit Court, a defendant may not file successive 2255 applications. There is, however, an exception to the general rule. Under the so-called escape hatch contained in 2255(f) a federal prisoner may proceed by way of a petition under 2241 if, and only if, the remedy under 2255 is "inadequate or ineffective to test the legality of his detention. Section 2255(f) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In order to Petitioner to fold himself within the protections of the escape hatch of §2255(f) he must (1) make a claim of actual innocence; and (2) demonstrate that he has not had an unobstructed procedural shot at presenting that claim. *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

### IV    DISCUSSION

A.    **ACTUAL INNOCENCE**

Petitioner argues that his 1984 order of deportation was unlawful. Construing his pleading liberally, he appears to make the assertion that one of his removals was, in his

4

words, "illegal." That being the case, when he was again found in the United States without authorization and was again charged with 8 U.S.C. 1326(a) he feels he would have been cleared and never convicted of being an alien found in the United States following deportation. Specifically he is also critical of his attorney for not having moved to have the indictment dismissed.

Fast forward 20 years and Petitioner yet again finds himself charged with unlawfully being in the United States after deportation. He plead guilty to the offense. Now he argues that he shouldn't have because he was actually innocent. This isn't evidence of actual innocence. It's more "wuda, cuda, shuda." Twenty years ago he plead guilty to being in the United States unlawfully and agreed to deportation. He says he was not advised that he could have insisted on appearing before an immigration judge, and was never provided with a list of sources to obtain free legal advice, in addition to his appointed attorney. Thus, he feels his 1984 deportation was unlawful.

Nullifying the 1984 deportation would have made his 2007 offense merely a violation of 8 U.S.C. 1325(a) Improper Entry by an Alien. The irregularities of which he complains arose following his 1984 deportation. However, that would have no effect on his instant conviction for reentry following deportation. He is not "innocent" of the instant offense. He would have simply reached the same point, but by a different path. Nothing would change the fact that the instant offense is being an illegal alien found in the United States following his 2007 deportation. That is unaffected by the existence or not of the 1984 incident.

There has been an utter failure to demonstrate that "in light of all the evidence, it is more likely than not that no reasonable jury would have convicted him" on the instant offense. *Stevens*, 464 F.3d 898.

///

///

///

5

**B.** **HE HAS ALREADY HAD AN UNOBSTRUCTED PROCEDURAL SHOT AT PRESENTING THIS CLAIM.**

Clearly Petitioner had the opportunity to raise the issue of his 1984 deportation when he was again deported in 2007, yet he failed to do so. He calls the court's attention to no impediment to his ability to raise the issue in 2007 or again in 2013. To proceed under §2241 he must demonstrate that the legal basis for his claim did not arise until after he had exhausted his direct appeal and his first §2255 motion. See *Marrero v. Ives*, 682 F.3d 1190, 1192-93. The irregularities of which he now complains arose following his 1984 deportation. Thus, he fails both prongs of the "escape hatch" and is not entitled to proceed pursuant to §2241.

**C.** **THIS PETITION IS TIME BARRED WERE HE TO PROCEED UNDER §2255**

Assuming Petitioner had received certification from the Ninth Circuit to bring a second §2255 motion, which he has not, far more than one year has elapsed since his conviction. It is therefore time barred. See §2255(f).

**D.** **WAIVER**

As part of his plea agreement, Petitioner expressly waived his right to appeal his conviction on any and all grounds save and except the ground that his guilty plea was involuntary. He alleges that he made certain complaints to his defense counsel, which were ignored. His counsel allegedly told him "that it was in his best interest to sign a plea agreement with the government. I felt compelled and signed the plea agreement." (2241 Petition filed Dec. 5, 2014, DE-1; 2:14-CV-9568.) His claim that his guilty plea was not voluntary and of his free will rings hollow. For one thing, he was told at the outset of the hearing that he was under oath and that wilfully false answers to the court's questions might be grounds for a future prosecution for perjury or making a false statement. Next, he was asked repeatedly whether his quilty plea was freely and voluntarily made, to which he answered in the affirmative. To now claim that his plea was against his will, is either false now, or was false when made at the change of plea

hearing. Either way, his waiver must be enforced. *United States v. Reves*, 774 F.3d 562, 566 (9th Cir. 2014.) The court therefore rejects this claim on this additional ground.

## V. **CONCLUSION**

Because this challenge is not cognizable under §2241 because Petitioner fails to satisfy the double prongs of §2255(e) this court is without jurisdiction to provide the remedy he seeks. He also fails in his attempt to have this petition entertained under §2255 because it would be an impermissible second such motion without having first secured permission from the Circuit Court. For all the above reasons, the Petition is DENIED.

DATED: February 26, 2018

                                                      Otis D. Wright, II
                                                     United States District Judge